# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| RICK MCCARTNEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  No. 2:21-CV-0068 ACL |
| AMANDA LAKE, | ) ) ) |
| Respondent, | ) |

## **AMENDED OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by petitioner Rick McCartney.[1] Because it appears that petitioner has not fully presented his claims to the Missouri courts, the petition will be dismissed for failure to exhaust available state remedies.  28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

### **The Petition**

Petitioner, Rick McCartney, an inmate at Moberly Correctional Center, filed his application for writ of habeas corpus by placing his "Motion for Extension of Time to File His Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2254" in the prison mailing system on October 15, 2021. In his motion, petitioner states that he is seeking a ninety (90) day extension of time to file his full petition. He claims that "he has just recently discovered a constitutional violation in the criminal process that produced his conviction/sentence."

---

[1] Petitioner's application for writ of habeas corpus is titled, "Defendant's Motion for Extension of Time to File His Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2254."

1

## Background

A review of Missouri's CaseNet system indicates that on July 16, 2018, petitioner was charged by the State of Missouri with three counts of felony assault in the first degree and three counts of armed criminal action. *See State v. McCartney*, No. 19CD-CR00010-01 (28th Judicial Circuit, Cedar County Court). On November 20, 2019, in accordance with a plea agreement, petitioner entered an Alford guilty plea, to three amended charges of felony assault in the second degree and one charge of armed criminal action. Petitioner was sentenced on that same date to three concurrent seven-year terms of imprisonment on the assault charges and a consecutive three-year sentence on the armed criminal action charge. Petitioner failed to file a direct appeal of his convictions. *Id.*

On June 19, 2020, two-hundred and twelve (212) days after the date he was sentenced, petitioner filed his pro se post-conviction motion pursuant to Missouri Supreme Court Rule 24.035. *See McCartney v. State*, No. 20CD-CV00244 (28th Judicial Circuit, Cedar County Court). Four days later, the motion court appointed counsel to represent petitioner. On June 29, 2020, the State filed a motion to dismiss petitioner's motion to vacate his conviction on the basis that the motion was not timely filed.

On July 27, 2020, petitioner's appointed counsel filed a motion to excuse his untimely filed motion. The motion to excuse acknowledged that the Rule 24.035 deadline for filing his pro se PCR motion was May 18, 2020, but asserted, referencing specific allegations made by petitioner in an affidavit attached to the motion, that petitioner's pro se motion should be treated as timely because its filing was delayed due to circumstances beyond petitioner's control. The motion to excuse requested that the motion court hold an evidentiary hearing so that petitioner could prove the truth of his allegations. Two days later, on July 29, 2020, the motion court summarily denied the motion to excuse. *Id.* Thereafter, on October 16, 2020, the motion court entered its findings of

fact, conclusions of law, and judgment denying petitioner's pro se motion because it was not timely filed. *McCartney v. State*, No. 20CD-CV00244 (28th Judicial Circuit, Cedar County Court).

On November 19, 2020, petitioner appealed the ruling to the Missouri Court of Appeals. *McCartney v. State*, No. SD36907 (Mo.Ct.App.). On April 21, 2021, the Missouri Court of Appeals reversed the findings of the trial court and remanded the matter back to the Circuit Court of Cedar County for reexamination of the timeliness of petitioner's Rule 24.035 motion to vacate. *Id.*

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

> Under 28 U.S.C. § 2254(b)(1):
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our

3

dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted). As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. However, petitioner must pursue his state court remedies through his post-conviction (Rule 24.035) proceedings and appeals. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.[2]

Unfortunately, petitioner's application for habeas relief with this Court is premature, and he has not presented any valid arguments for a stay and abey pursuant to *Rhines v. Weber*, 544 U.S. 268, 277 (2005) such that this Court could grant him the extension he seeks. Because there is no possibility that petitioner has exhausted his available state remedies, the petition shall be dismissed without prejudice. 28 U.S.C. § 2254(b); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

---

[2] Petitioner asserts that he is concerned about missing his statute of limitations for pursuing his federal habeas rights, pursuant to 28 U.S.C. § 2244. Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Petitioner's judgment was final on November 30, 2019, ten (10) days after his conviction. Mo.Sup.Ct.R.30(d)(1). Petitioner allowed 202 days of his 365-time-period to elapse prior to filing the Rule 24.035 motion in Cedar County Court. The one-year limitations period has been tolled, however, during the pendency of petitioner's post-conviction proceedings and appeals. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Thus, 202 days of his 365 time-period has elapsed at this time.

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** without prejudice as prematurely filed.

**IT IS FURTHER ORDERED** that petitioner's "Motion for Extension of Time to File His Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2254" [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of November, 2021.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE